Michael S. YELLEN, Plaintiff–Appellant,

v.

Glenn A. MUELLER; et al., Defendants–Appellees.

No. 02–17071.

D.C. No. CV–97–00826–DFL/GGH.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

California state prisoner Michael S. Yellen appeals pro se the judgment dismissing his civil rights action pursuant to the "three strikes" filing limitation of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review both a challenge to the constitutionality of a statute and the district court's interpretation of a statute de novo. *Taylor v. Delatoore,* 281 F.3d 844, 847 (9th Cir.2002). We vacate and remand.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Yellen's contention that two dismissals should not have counted as strikes under 28 U.S.C. § 1915(g), because they occurred prior to the enactment of the PLRA, is foreclosed by *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir.1999).

As the third strike, the district court counted the Ninth Circuit appeal *Yellen v. Olivarez*, No. 96–16369, which was dismissed for failure to prosecute. However, failure to prosecute is not a ground for dismissal within the ambit of 28 U.S.C. § 1915(g). Accordingly, *Yellen v. Olivarez*, No. 96–16369 should not have been considered a strike. As the district court did not identify any other qualifying strikes, we vacate the dismissal of Yellen's action and remand.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**